1

2

3                                                        *E-Filed 9/16/11*

4

5

6                      UNITED STATES DISTRICT COURT

7                    NORTHERN DISTRICT OF CALIFORNIA

8                       SAN FRANCISCO DIVISION

9

10   MARTIN CLINTON,                    No. C 10-4267 RS (PR)

11          Plaintiff,                  **ORDER GRANTING DEFENDANTS'
                                        MOTION FOR SUMMARY**
12     v.                               **JUDGMENT**

13   RANDY GROUNDS, ET AL.

14          Defendants.
     _____/

15

16                           **INTRODUCTION**

17          Plaintiff Martin Clinton is a state prisoner proceeding *pro se* in this civil rights action

18   brought under 42 U.S.C. § 1983, in which he alleges that defendants, employees of Soledad

19   State Prison, were deliberately indifferent to his medical needs in violation of the Eighth

20   Amendment.  Defendants move for summary judgment.  For the reasons stated herein,

21   defendants' motion for summary judgment is GRANTED as to all claims against all

22   defendants.

23                           **BACKGROUND**

24          The facts of this case are undisputed.  Plaintiff injured his left pinky finger on

25   December 22, 2009 when he fell and "jammed" that finger.  The next day, he was sent to the

26   Triage Treatment Area, a clinic for urgent and emergency medical situations, to receive

27   treatment for the injured finger.  (Compl. at 7.)  Defendant Elizabeth Leary, a Registered

28

United States District Court
For the Northern District of California

1  Nurse, gave plaintiff an ice pack, and scheduled plaintiff for a sick call on December 28, in

2  case follow-up treatment was required.  The next day, December 24, plaintiff returned to the

3  clinic, requesting an x-ray.  Leary told him that neither a doctor nor an x-ray technician was

4  available, as it was Christmas Eve.  Leary observed that plaintiff's jammed finger was

5  bruised, but not excessively swollen or discolored. She concluded that plaintiff's situation

6  was not an emergency.  (Defs.' Mot. for Summ J. ("MSJ"), Leary Decl. ¶ 4.)

7   On December 28, as scheduled, plaintiff was seen during a sick call by Valiente, a

8  nurse.  She noted that there was swelling and bruising, and that plaintiff experienced

9  "discomfort."  (Reply to MSJ ("Reply"), Ex. A.)  Valiente requested an x-ray, which was

10  performed on December 30.  It showed two fractures of the left fifth (pinky) finger.  (*Id.*)  A

11  splint was applied to immobilize the finger, and plaintiff was referred to an orthopedic

12  specialist for therapy.  Subsequent x-rays on January 21, January 27, and February 8 revealed

13  that the fractures had not healed. (*Id.*; Pl's Resp. to MSJ, Ex. A.)

14  By March 9, 2010, the plaintiff's condition had not improved, and the specialist

15  referred plaintiff to a hand surgeon, who recommended surgery.  Plaintiff underwent hand

16  surgery on April 12.  The hand surgeon recommended outpatient physical therapy beginning

17  April 21, which continued to be recommended in patient notes on May 19, June 7, July 19,

18  and July 30.  (Reply, Ex. A.)

19  In a July 30 note, a doctor observed that the "fifth digit continues to be a problem."

20  Plaintiff was scheduled for another surgery to gain more mobility in the hand, which was

21  performed on September 16.  By November 23, plaintiff still had limited use of his left hand.

22  A note dated February 7, 2011 observed that "fifth digit pain persists." (*Id.*)

## DISCUSSION

### I.    Standard of Review

25  Summary judgment is proper where the pleadings, discovery and affidavits

26  demonstrate that there is "no genuine issue as to any material fact and that the moving party

27  is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Material facts are those

28

United States District Court
For the Northern District of California

No. C 10-4267 RS (PR)
ORDER GRANTING MOT. FOR SUMM. J.

which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id*.

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986).  Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party.  On an issue for which the opposing party by contrast will have the burden of proof at trial, as is the case here, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  The court is only concerned with disputes over material facts and "factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.  It is not the task of the court to scour the record in search of a genuine issue of triable fact. *Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996).  The nonmoving party has the burden of identifying, with reasonable particularity, the evidence that precludes summary judgment. *Id*.  If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323.

## II.    Claims

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical needs and the nature of the defendant's response to those needs. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th

**United States District Court**
For the Northern District of California

1   Cir. 1992) (overruled on other grounds, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133,

2   1136 (9th Cir. 1997) (en banc)).

3       A prison official is deliberately indifferent if he knows that a prisoner faces a

4   substantial risk of serious harm and disregards that risk by failing to take reasonable steps to

5   abate it. *Farmer v. Brennan*, 511 U. S. 825, 837 (1994) (equating standard with that of

6   criminal recklessness). The prison official must not only "be aware of facts from which the

7   inference could be drawn that a substantial risk of serious harm exists," but "must also draw

8   the inference." *Id*. Consequently, in order for deliberate indifference to be established, there

9   must exist both a purposeful act or failure to act on the part of the defendant and harm

10  resulting therefrom. *See McGuckin*, 974 F.2d at 1060.

11      In order to prevail on a claim of deliberate indifference to medical needs, a plaintiff

12  must establish that the course of treatment the doctors chose was "medically unacceptable

13  under the circumstances" and that they embarked on this course in "conscious disregard of an

14  excessive risk to plaintiff's health." *See Toguchi v. Chung*, 391 F.3d 1051, 1058–60 (9th Cir.

15  2004). A claim of mere negligence related to medical problems, or a difference of opinion

16  between a prisoner patient and a medical doctor, is not enough to make out a violation of the

17  Eighth Amendment. *Id*.; *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

18      **A.    Leary**

19      Defendants are entitled to summary judgment as a matter of law. The undisputed

20  record shows that plaintiff received appropriate and reasonably timely medical treatment. On

21  December 23, the day after plaintiff was injured, Leary gave him an ice pack, Motrin, and

22  scheduled him for a follow-up exam. Plaintiff received a follow-up exam on December 28,

23  the first day after the Christmas holidays that the patient could have been seen for a non-

24  emergency. (December 24, 2009 was a Thursday, and December 25 a Friday. December 28,

25  a Monday, was the next business day.) Over the next eight months, plaintiff received four x-

26  rays, saw an orthopedic specialist on numerous occasions, and underwent two surgeries to

27  regain mobility in his left hand. These actions show that defendants were aware of plaintiff's

28

No. C 10-4267 RS (PR)
ORDER GRANTING MOT. FOR SUMM. J.

*United States District Court*
For the Northern District of California

United States District Court
For the Northern District of California

condition, and sought to treat it, rather than reflecting deliberate indifference.

The sole evidence plaintiff provides, in addition to his own declaration, is an affidavit from his mother, in which she states that plaintiff's left hand was discolored when she visited him at the beginning of December. (Pl.'s Opp. to MSJ at 4.) This evidence does not support his claims. Not only does it represent duplicative information, it fails to indicate that the medical treatment was constitutionally inadequate.

Plaintiff contends that, had his finger been x-rayed earlier, it would be in better condition than it is now. (Compl. at 26–28.) That officials did not act as quickly as plaintiff desired is not sufficient to demonstrate deliberate indifference. *Walker v. Benjamin*, 293 F.3d 1030, 1038 (7th Cir. 2002) (a delay in treatment that is not within the doctor's control does not constitute deliberate indifference). When plaintiff returned the next day requesting an x-ray, Leary concluded that the condition of plaintiff's finger was not an emergency and did not require calling a doctor and x-ray technician. A disagreement between the patient and a physician over treatment options does not approach deliberate indifference unless the plaintiff can show that the physician's treatment was "medically unacceptable under the circumstances" and was chosen "in conscious disregard of an excessive risk to [the prisoner's] health." *Toguchi*, 391 F.3d at 1058. Not providing an x-ray was medically acceptable under the circumstances, especially given that it was Christmas Eve, when staff would reasonably be in short supply. The fact that plaintiff as opposed to Leary believed his injured finger to be an emergency does not show that the latter acted with conscious disregard of an excessive risk to plaintiff's health, particularly given that plaintiff received an x-ray and follow-up treatment within a few days.

Plaintiff also claims he was "denied proper therapy" after his first surgery (Compl. at 7), but defendants have demonstrated that there is sufficient evidence to show plaintiff did in fact receive significant post-operative outpatient physical therapy (*see* Reply, Ex. A). This situation, again, shows nothing more than a disagreement over a particular choice of treatment and does not demonstrate deliberate indifference. *See Toguchi*, 391 F.3d at 1058.

United States District Court

For the Northern District of California

1 Plaintiff has therefore failed to "set forth specific facts showing that there is a genuine issue
2 for trial." Fed. R. Civ. P. 56(e).  Accordingly, the motion for summary judgment as to Leary
3 is GRANTED.

4     **B.**    **Dr. Chudy**

5     Plaintiff's claims against Dr. Chudy, who never treated plaintiff, are based on Dr.
6 Chudy's status as Leary's supervisor.  As plaintiff has not shown that Leary violated his
7 Eighth Amendment rights, his claims against Dr. Chudy necessarily fail.  Accordingly, the
8 motion for summary judgment as to Dr. Chudy is GRANTED.

9     **C.**    **Randy Grounds**

10     Plaintiff's allegations against Grounds appear to rest on a theory similar to those
11 against Dr. Chudy; that is, that Grounds is Leary's supervisor.  As plaintiff has not shown
12 that Leary violated his Eighth Amendment rights, his claims against Grounds necessarily fail.
13 Accordingly, the motion for summary judgment as to Grounds is GRANTED.

14     **CONCLUSION**

15     Plaintiff having failed to show that there are triable issues of material fact as to any of
16 his claims, defendants' motion for summary judgment (Docket No. 17) is GRANTED as to
17 all claims against defendants Elizabeth Leary, J. Chudy, and Randy Grounds.  Plaintiff's
18 claims against RN Carlos, J. Walker, and Dr. Pompan are DISMISSED WITHOUT
19 PREJUDICE, as service was not effected upon them.  The Clerk shall enter judgment in
20 favor of all defendants as to all claims, terminate Docket No. 17, and close the file.

21     **IT IS SO ORDERED**.

22 DATED:  September 16, 2011

23 RICHARD SEEBORG
United States District Judge